## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CHARLES YANG,                          )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )          Case No. 12-1354-RDR-KGG
                                       )
LAKEWOOD MANAGEMENT                    )
SERVICE LLC,                           )
                                       )
                    Defendant.         )
_____)

## ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF
## FEES AND MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court Complaint alleging employment

discrimination and personal injury, Plaintiff Charles Yang has filed a Motion to

Proceed Without Prepayment of Fees (*IFP* Application), with an accompanying

Affidavit of Financial Status (Doc. 4).  He also has filed a Motion for Appointment

of Counsel.  (Doc. 3.)  Having reviewed Plaintiff's motions, as well as his

Complaint (Doc. 1), the Court is prepared to rule.

**I.      Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of

financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally, **Yellen v. Cooper**,* 828 F.2d 1471 (10ᵗʰ Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See **Patillo v. N. Am. Van Lines, Inc**.,* No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 56 years old and married.  (Doc. 3-1, at 2.)  He lists his 28-year-old son as a dependent, stating that his son lives with him and is a student at Wichita State University.  (*Id*., at 3.)  The Court notes, however, that Plaintiff's son is too old to legally be considered his dependent absent other circumstances (such as a physical or mental disability).

Plaintiff indicates he is not employed and does not list an employer for his wife.  (*Id*., at 3-4.)  He previously worked as a dietary aide for Defendant, earning a modest wage.  (*Id*., at 4.)  He does not list any unemployment benefits or any other source of income or government assistance.  (*Id*., at 5-6.)

Plaintiff does not own real property or an automobile. (*Id.*, at 3-4.)  He indicates a notable amount of cash on hand.  (*Id.*, at 4.)  He enumerates typical monthly expenses, most of which are reasonable, including rent, utilities, and telephone.[1]  (*Id.*, at 6.)  He has never filed for bankruptcy.

Considering all of the information contained in the financial affidavit, Plaintiff has typical monthly expenses with no current income.  Although he has cash on hand, this amount would not cover his stated expenses for more than two months given his lack of income.   The Court therefore finds that Plaintiff has established that he is entitled to file this action without payment of fees and costs. The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

## II.    Motion for Appointment of Counsel.

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985)

---

[1]  Plaintiff's stated monthly grocery expense seems inordinately high, even assuming he is providing groceries for his adult son.

(listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner****,* 979 F.2d at 1421.

Having granted Plaintiff *IFP* status, the Court finds that he has a limited ability to afford counsel, thus satisfying the first ***Castner*** factor.  The Court sees no glaring concerns on the face of Plaintiff's federal court Complaint, satisfying the third factor.  (Doc. 1.)

The Court does not find, however, that Plaintiff has been diligent in his search for counsel.  (*See* Doc. 3.)  The form Motion for Appointment of Counsel clearly provides spaces for six attorneys that Plaintiff has contacted.  According to Plaintiff's motion, he has contacted only one.  (*Id*.)  Typically, the Court would direct Plaintiff to contact an additional five attorneys to comply with the requirement to diligently search for counsel.  In the present matter, however, the Court finds that Plaintiff has failed to establish the fourth ***Castner*** factor – that he is incapable of representing himself in this matter.  979 F.2d at 1420-21.

4

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this employment discrimination case are not unusually complex. *See **Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). Plaintiff also appears to bring a claim relating to an alleged injury to his eye. (Doc. 1, at 6-11.)

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day. To the contrary, Plaintiff has shown his ability to represent himself by drafting his agency charge of discrimination and federal court Complaint, which set out the operative facts to support his claims. (*See generally*, Doc. 1.) Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to his case. As such, his Motion to Appoint Counsel is **DENIED without prejudice** to renewal later in these

proceedings should Plaintiff provide the Court with a sufficient showing of special circumstances that would warrant the appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 4, sealed) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk's office shall proceed to issue summons in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED**, without prejudice, as discussed above.

IT IS SO ORDERED.

Dated at Wichita, Kansas, on this 6th day of November, 2012.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge