IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

```
CHARLES YANG,                        )
                                     )
            Plaintiff,               )
                                     )
     v.                              )    Case No. 12-1354-RDR
                                     )
LAKEWOOD MANAGEMENT                  )
L.L.C., and RICHARD BROCKMAN,        )
                                     )
            Defendants.              )
_____)
```

**MEMORANDUM AND ORDER**

Plaintiff has brought a _pro se_ employment discrimination action alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, _et seq_. His complaint names two defendants: Lakewood Management Service, L.L.C. and Richard Brockman.[1]  The materials filed with plaintiff's complaint indicate that plaintiff filed a charge of discrimination with the EEOC and the Kansas Human Rights Commission alleging race and sex discrimination. Doc. No. 1, p. 14. Plaintiff alleged in his EEOC complaint that he was sexually harassed on February 13, 2011 and discharged because of his race on February 16, 2011. His complaint in this court only alleges harassment and an injury to his left eye.

---

[1] Although defendant Brockman's name is captioned as "Brokman" in the pleadings, it appears agreed that his name is spelled "Brockman" and the court is proceeding as if that is correct.

Plaintiff's complaint describes three incidents of harassment which occurred on February 13, 2011. First, at about 4:00 p.m., a co-worker put some peanut butter on plaintiff's head when he was working in the dishroom. Second, (although the allegations are somewhat unclear) at about 5:00 p.m., a paper wad or something like that was thrown at plaintiff. Finally, at approximately 7:00 p.m., some pepper sauce was put on plaintiff's head and it fell into plaintiff's left eye so that he needed help to wash his eye. Plaintiff has alleged that Mrs. Li Tian committed these acts of harassment. Doc. No. 1 at p. 21. Plaintiff also alleges that his left eye was harmed by kitchen chemicals.

This case is before the court upon motions to dismiss filed on behalf of defendants. Doc. Nos. 8 and 10.

I. Standards for pro se pleadings

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Tenth Circuit has "repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)(quotation omitted).

II. Motion to dismiss standards

FED.R.CIV.P. 12(b)(6) provides for dismissal of actions for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). The court must not "weigh potential evidence that the parties might present at trial, but . . . assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Cohon v. New Mexico Dept. of Health, 646 F.3d 717, 724 (10th Cir. 2011) (interior quotations omitted).

The Supreme Court has stated that plausibility requires that the allegations of a complaint should "raise a reasonable expectation that discovery will reveal evidence" supporting the elements of the claims, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), and "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotations and citations omitted).

The Tenth Circuit has elaborated upon the plausibility standard as follows:

> we have concluded the Twombly/Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)(interior quotations and citation omitted).

III. **Defendant Brockman's motion to dismiss shall be granted because he is not alleged to be plaintiff's employer.**

Plaintiff does not allege that defendant Brockman participated in the alleged acts of harassment. But, even if he did, Title VII provides a cause of action against employers, not individual supervisors or co-workers. DeFreitas v. Horizon Inv. Management Corp., 577 F.3d 1151, 1162 n.2 (10th Cir. 2009); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996). Since plaintiff does not allege that defendant Brockman was his employer, he cannot allege a cause of action under Title VII against defendant Brockman.

IV. **Defendant Lakewood's and defendant Brockman's motions to dismiss shall be granted because the complaint does not allege plausible grounds for finding that plaintiff suffered from illegal harassment or a hostile work environment.**

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

4

employment because of such individual's race . . . [or] sex . . . ." 42 U.S.C. § 2000e-2(a)(1). "[A] plaintiff may establish a violation of Title VII by proving that discrimination based on sex [or race] has created a hostile or abusive working environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 66 (1986). To succeed upon a hostile work environment claim, a plaintiff must show that "'the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" MacKenzie v. City and County of Denver, 414 F.3d 1266, 1280 (10th Cir. 2005)(quoting Penry v. Fed. Home Loan of Topeka, 155 F.3d 1257, 1261 (10th Cir. 1998)). It is relevant to consider the frequency of the alleged discriminatory conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating and whether the conduct interferes with the employee's work performance. Id. The Supreme Court has stated that courts should filter out complaints which rely upon isolated incidents, sporadic jokes and occasional teasing. Id., citing Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998). Following this instruction, courts have held that "[s]poradic use of abusive language, gender-related jokes, and occasional teasing are the ordinary tribulations of the workplace, and as such, they do not amount to actionable harassment." Breeding v.

5

Arthur J. Gallagher and Co., 164 F.3d 1151, 1159 (8th Cir. 1999)(interior quotation from Faragher omitted). The Tenth Circuit has commented that "the run-of-the-mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces is not the stuff of a Title VII hostile work environment claim." Morris v. City of Colorado Springs, 666 F.3d 654, 664 (10th Cir. 2012). The Fourth Circuit has stated:

> Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard. Some rolling with the punches is a fact of workplace life.

EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 315 (4th Cir. 2008)(cited in Morris, supra); see also, Hartsell v. Duplex Prods. Inc., 123 F.3d 766, 773 (4th Cir. 1997)("Title VII is not a federal guarantee of refinement and sophistication in the workplace" – also cited in Morris, 666 F.3d at 668).

The Morris decision provides important guidance here. In Morris, the plaintiff was a registered nurse who assisted in surgeries. She claimed that a male heart surgeon flicked her on the head with his finger without permission twice within a span of a couple of weeks. She further claimed one time when she assisted that surgeon with a pericardiectomy, the surgeon threw a piece of pericardium tissue from the patient onto the plaintiff's leg when plaintiff was not wearing protective gear to prevent blood from soaking through her scrubs. She also

6

alleged that the surgeon made a number of demeaning comments to her and generally treated female employees differently than male employees.  The Tenth Circuit determined that the incidents alleged by the plaintiff in Morris were neither so pervasive nor so severe as to permit a reasonable jury to find a hostile working environment.  The court acknowledges that this finding was made upon a summary judgment motion and that the defendant in Morris made an investigation and took various measures in response to the tissue-throwing incident.  Nevertheless, the court finds that this holding supports a conclusion that plaintiff has not alleged plausible grounds for a Title VII claim of harassment or hostile work environment.

The court further notes that in the following cases incidents of physical assault were held insufficient to support a triable claim for hostile work environment.  Mathirampuzha v. Potter, 548 F.3d 70, 78-79 (2d Cir. 2008); Cooper v. American Airlines, Inc., 213 Fed.Appx. 714, 717 (10th Cir.) cert. denied, 551 U.S. 1113 (2007); Gerald v. Locksley, 849 F.Supp.2d 1190, 1234-37 (D.N.M. 2011).  The court acknowledges that there are circumstances in which a single incident of assault is sufficient to establish a hostile work environment.  Defendant incorrectly characterizes Turnbull v. Topeka State Hosp., 255 F.3d 1238, 1243-44 (10th Cir. 2001) as holding that a sexual assault does not constitute actionable harassment under Title

VII. In fact, the Tenth Circuit held in <u>Turnbull</u> that a single incident of sexual assault <u>was</u> sufficiently abusive, dangerous, humiliating and traumatizing to support a claim of hostile work environment. <u>Turnbull</u>, however, involved a plaintiff who was attacked, knocked to the ground, choked and sexually penetrated. These are far more severe allegations that those made by plaintiff in this case.

V. <u>Conclusion</u>

In conclusion, the court shall grant defendants' motions to dismiss. Doc. Nos. 8 & 10. Plaintiff shall be granted 15 days from the date of this order to file an amended complaint which sets forth a plausible claim for liability against either or both defendants. <u>Hall</u>, 935 F.2d at 1110 n.3 (<u>pro se</u> litigants are to be given reasonable opportunity to remedy the defects in their pleadings). If plaintiff fails to do so, the court shall order that this case be closed.

**IT IS SO ORDERED.**

Dated this 17th day of January, 2013 at Topeka, Kansas.

                                          s/Richard D. Rogers
                                          United States District Judge